UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cody Quincy Jones,            )<br>                              )<br>            Petitioner,       )<br>                              )<br>    vs.                       )<br>                              )<br>A. Mansukhani, Warden,         )<br>                              )<br>            Respondent.       )<br>_____) | Civil Action No. 5:14-cv-01199-TLW-KDW<br><br>REPORT AND RECOMMENDATION |

Petitioner Cody Quincy Jones ("Petitioner"), a state prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss or alternatively a Motion for Summary Judgment on June 6, 2014. ECF No. 18. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 19. Petitioner filed a Response in Opposition to Respondent's Motion on August 25, 2014. ECF No. 25. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion, ECF No. 18, be granted.

    I.    Factual and Procedural Background

Petitioner is currently confined at the Federal Correctional Institution (FCI) in Estill, South Carolina where he is serving a 65-month term of imprisonment. Petitioner filed the instant action challenging the execution of his federal sentence and requests he be credited with "'official detention' time prior to sentencing from November 19, 2009 to August 11, 2011." ECF No. 1 at 4, 8-9.

Defendants provided the court with the affidavit of Bryan Erickson, a management analyst with the Designations and Sentence Computation Center of the Bureau of Prisons ("BOP"). Erickson Aff. ¶ 1, ECF No. 18-1. Mr. Erickson reviewed Petitioner's federal term of imprisonment and detailed Petitioner's arrest history in his affidavit. *Id.* at ¶¶ 2-10. On December 23, 2007, Petitioner was arrested by the San Antonio Police Department, San Antonio, Texas, for Credit/Debit Card Abuse and Interfere with Duties of Public Servant and released on bond the same date. *Id.* at ¶ 4. The state of Texas subsequently dismissed Petitioner's 2007 charge on May 27, 2009. *See* Attach. A to ECF No. 18-1. Ultimately, the 2007 charge became the offense conduct of a federal indictment. ECF No. 18-1 at ¶ 4.

On April 22, 2008, Petitioner was arrested by the Universal City Police Department, Universal City, Texas, for Possession with Intent to Deliver a Controlled Substance ("PWID"), (case number 2008CR6353), Evading Detention, (case number 250144) and Possession of Marijuana, (case number 250145). ECF No. 18-1 at ¶ 5; Attachs. B-D to ECF No. 18-1. On May 27, 2009, the Evading Detention and Possession of Marijuana charges were dismissed. *Id.* at ¶ 5.

On May 11, 2008, Petitioner was again arrested by the Universal City Police Department, Universal City, Texas, for Criminal Trespass on Private Property (case number 251968) and was detained, however, he remained in custody in connection with the arrest on April 22, 2008, for the PWID charge in case number 2008CR6353. *Id.* at ¶ 6; Attach. E to ECF No. 18-1. On May 27, 2009, case number 251968 was dismissed. *Id.* A Texas County court sentenced Petitioner to 6-years imprisonment for the 2008 PWID charge on May 22, 2009. *Id.* at ¶ 7; Attach. F to ECF No. 18-1. Additionally, Petitioner was sentenced to an 18-month term of imprisonment for a September 24, 2006 arrest for Possession of a Controlled Substance in case number 2007CR5522, to run concurrent with the PWID charge. *See id.*; Attach. H to ECF No. 18-1. On

June 26, 2009, Petitioner was received at the Texas Department of Corrections ("TDOC") following sentencing on May 22, 2009, for cases 2008CR6353 and 2007CR5522. *Id.* at ¶ 8; Attach. G to ECF No. 18-1. TDOC staff verified Petitioner's six-year sentence and verified that Petitioner would receive prior custody credit from May 16, 2008, by beginning his sentence on May 16, 2008. *Id.*

On October 21, 2009, Petitioner was indicted on two counts in the United States District Court for the Western District of Texas, in case number SA-09-CR-816(01)OG, for Access Device Fraud and Aggravated Identity Theft. *Id.* at ¶ 9; Attach. H to ECF No. 18-1. On November 19, 2009, while in state custody, Petitioner was transferred into federal custody pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum, case number SA-09-CR-816(01)OG. *Id.* at ¶ 10; Attach. I to ECF No. 18-1. On May 17, 2010, the United States District Court for the Western District of Texas, in case number SA-09-CR-816(01)OG, dismissed the indictment. *Id.* at ¶ 11; Attach. J to ECF No. 18-1. However, Petitioner remained in federal custody pursuant to a new Federal Writ of Habeas Corpus Ad Prosequendum issued on June 18, 2010, due to a pending indictment in case number SA-10-CR-345(2)FB. *Id.*; Attach. K to ECF No. 18-1.

On July 7, 2010, Petitioner was indicted on thirteen counts in the United States District Court for the Western District of Texas, in case number SA-10-CR-345(2)FB, for Conspiracy, Effects Transactions, Possession of Counterfeit Access Devices, Aggravated Identity Theft, Possession of Device Making Equipment, Money Laundering Conspiracy, and Money Laundering. *Id.* at ¶ 12; Attach. L to ECF No. 18-1. After pleading guilty, on June 24, 2011, Petitioner was sentenced in the United States District Court for the Western District of Texas in case number SA-10-CR-345(2)FB, to a 65-month term of imprisonment for Conspiracy to

Commit Identity Theft Fraud and Aggravated Identity Theft, Access Device Fraud and Aggravated Identity Theft. *Id.* at ¶ 13; Attach. M to ECF No. 18-1. In the Judgment, Chief United States District Judge Fred Biery specifically ordered that "[t]he sentence imposed in this federal case shall be served consecutively to the sentence imposed in the state court case." *Id.* at 66.

On August 11, 2011, the federal writ having been satisfied, Petitioner was returned to the TDOC to continue his state term of imprisonment. *Id.* at ¶ 14. The United States Marshals Service placed the federal Judgment and Commitment Order as a detainer with the TDOC. *Id.* On October 5, 2011, Mr. Jones completed his Texas state sentence and was released to the exclusive custody of the United States Marshals Service to begin serving his federal sentence. *Id.* at ¶ 15; Attach. N to ECF No. 18-1. Upon his arrival into BOP custody, the BOP prepared Petitioner's sentence computation for his federal term of imprisonment. *Id.* at ¶ 16; Attach. O to ECF No. 18-1. Petitioner's 65-month term of federal imprisonment was computed as commencing on October 5, 2011, the date he completed his Texas state sentence and was released to the custody of United States Marshals Service. *Id.* A total of 8 days of prior custody credits were awarded to this sentence, for time spent in official detention. *Id.* Prior custody credit for December 23, 2007, March 25, 2008, April 22, 2008 and from May 11, 2008 through May 15, 2008, was awarded on his federal sentence pursuant to Title 18 U.S.C. § 3585(b)(2), and Petitioner's projected release date is July 7, 2016. *Id.*

II.     Discussion

The court will consider Respondent's Motion, ECF No. 18, as a Motion for Summary Judgment. Respondent moves pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure. ECF No. 18 at 1. However, this court most certainly has subject matter

jurisdiction over this matter, therefore a motion to dismiss pursuant to Rule 12(b)(1) is not viable.[1] Additionally, Respondent's Motion is based primarily on information not included in the Petition. *See* ECF No. 18-1 and attachments. Therefore, in analyzing this Petition, the undersigned will look beyond the pleadings. Accordingly, Respondent's 12(b)(6) Motion should be treated as a Motion for Summary Judgment. *See e.g., George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980) ("If it is necessary for the court to look beyond the pleadings, the 12(b)(6) motion must be converted into a motion for summary judgment. . . ."); *Smith v. Blackledge*, 451 F.2d 1201, 1202 (4th Cir. 1971) ("Since the motion to dismiss was supported by facts outside the pleading, it should have been treated as a motion for summary judgment."). Therefore, the undersigned will consider the Motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.

A.     Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

---

[1] Additionally, Respondent concedes to this court's subject matter jurisdiction. *See* ECF No. 18 at 2 ("The court has subject matter jurisdiction over Mr. Jones' challenge to the application of prior custody credit, because such credit impacts the duration of his sentence.").

materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.      Habeas Corpus Standard of Review

A federal prisoner may seek habeas relief either through 28 U.S.C. § 2241 or § 2254.[2] Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application

---

[2] The court notes that while challenges to prison disciplinary actions and calculations of good time credits may be petitioned under § 2241, some authority provides that "state prisoners who seek federal habeas relief must proceed under § 2254." *Tippett v. McCall*, C/A No. 1:09-593-HMH-SVH, 2011 WL 441942, at *2 (D.S.C. Feb. 7, 2011); *see also Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003) (discussing legislative history of federal habeas corpus).

of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000).

Petitioner seeks an "award of 'official detention' time prior to sentencing from November 19, 2009 to August 11, 2011," because he claims BOP improperly calculated his sentence in violation of due process. ECF No. 1 at 8-10. "Habeas corpus is the appropriate mechanism for a state prisoner to challenge 'the fact or duration of his confinement,' which includes the loss of good time credits." *Lindsey v. McKie*, No. 9:11-695-MBS, 2012 WL 932017, at *4 (D.S.C. Mar. 19, 2012) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005); *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). A federal prisoner must use the BOP's Administrative Remedy Program prior to initiating a civil action. *See* 28 C.F.R. § 542.10 ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."). Here, Respondent stipulates that Petitioner has exhausted his administrative remedies by attaching a copy of his administrative remedies to his Petition. ECF No. 18 at 3.

C. Analysis

Respondent contends that summary judgment should be granted because Petitioner's federal sentence began on October 5, 2011, when Petitioner was released into the exclusive custody of the United States Marshals Service. ECF No. 18 at 6-10. Moreover, Respondent argues that from November 19, 2009, to August 11, 2011, Petitioner was continuing to serve his undischarged state sentence even though he was in the custody of federal officials. *Id.* at 11.

Respondents contend Petitioner would be granted "dual credit" if the court were to grant Petitioner the time he served while in the temporary custody of federal officials. *Id.*

Pursuant to 18 U.S.C. § 3585(b), the BOP is responsible for determining the beginning date of the prisoner's sentence and calculation of a release date giving the prisoner credit for pretrial custody. *See United States v. Wilson,* 503 U.S. 329, 332 (1992); *Henderson v. Owen*, No. 3:08-3220-HMH-JRM, 2009 WL 1254031, at *3 (D.S.C. May 1, 2009) *aff'd*, 333 F. App'x 713 (4th Cir. 2009). At issue here is whether Petitioner was in pretrial custody of the BOP from November 19, 2009, to August 11, 2011, or whether he was still in the primary custody of Texas authorities. The undersigned finds that the state of Texas retained primary jurisdiction over Petitioner, and Petitioner was not in pretrial custody of the BOP.

The federal court can issue a writ of habeas corpus and bring a prisoner to court to testify or for trial. *See* 28 U.S.C. § 2241 (c)(5) (extending the writ of habeas corpus to prisoners if "necessary to bring him into court to testify or for trial"). The Fourth Circuit Court of Appeals has held that "[a] federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in the federal court pursuant to a federal writ of habeas corpus *ad prosequendum*." *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998). "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *Id.* The *Evans* court explained that prisoners appearing in federal court on a federal writ of habeas corpus *ad prosequendum* are merely borrowed or loaned to federal authorities. *Id.* Once the "writ of habeas corpus *ad prosequendum* is satisfied, the receiving sovereign return[s] the prisoner to the sending sovereign." *Id.*

The undersigned notes Petitioner argues that the Honorable Bryan Erickson "ran [his] sentence consecutive to the State of Texas, only because he clearly did not want [Petitioner] to receive credit for the 18 month time prior to the Nov (sic) 19, 2009 time." ECF No. 25. However, the sentencing judge has wide discretion to order sentences run consecutively rather than concurrently after "an individualized assessment based on the facts presented." *See e.g.*, *United States v. Olayo*, 468 F. App'x 211, 213 (4th Cir. 2012); *United States v. Smith*, 472 F.3d 222, 226 (4th Cir. 2006). The undersigned finds that Petitioner was serving his six-year state sentence while he was in the temporary or "borrowed" custody of federal authorities from November 19, 2009, to August 11, 2011. Accordingly, the undersigned finds Petitioner's challenge to his sentence calculation lacks merit and recommends granting Respondent's Motion for Summary Judgment.

III.    Conclusion and Recommendation

Based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 18, be GRANTED.

IT IS SO RECOMMENDED.

November 14, 2014                                             Kaymani D. West
Florence, South Carolina                                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation.**